UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION AND
WELFARE FUNDS,

        Petitioners,

    -against-

DOMMER CONSTRUCTION CORP.,

        Respondent.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-CV-3330 (JMA) (SIL)

**AZRACK**, **United States District Judge:**

    Before the Court is petitioners' unopposed petition to confirm an arbitration award against respondent. Respondent has not appeared in this action.

    On June 10, 2015, petitioners served a copy of the petition and its supporting memorandum of law on respondent via the New York Department of State's Division of Corporations, Records and Uniform Commercial Code. (Aff. of Serv., ECF No. 6.) Petitioners' submissions did not include the audit documenting respondent's failure to pay certain contributions owed to petitioners. This audit appears to have formed the basis for the arbitrator's award. (Award and Order, Pet., Ex. F, ECF No. 1.)

    On October 8, 2015, the Court directed petitioners to submit the audit and other documents that they provided to the arbitrator. The Court requested these documents to determine whether there was a basis for the arbitrator's award and to clarify any potential ambiguity in the arbitrator's decision concerning an earlier partial payment made by respondent. (See Award and Order ¶ 99.) On October 12, 2015, petitioners filed the Declaration of Kyle Lagonegro in Support of the Petition to Confirm Arbitration Award. (ECF No. 9.) The Lagonegro Declaration includes an audit report

1

of respondent's books and records for the period of January 1, 2010 through September 30, 2013 detailing the monies due to the fund based on delinquent contributions. (Exhibit A, ECF No. 9-1.) The Lagonegro Declaration also states that "Respondent has failed to make any payments towards the Audit deficiency and the full amount of the Audit findings remains outstanding."

Petitioners ask the Court to: (1) confirm the arbitration award; (2) award petitioners $146,654.97 plus interest accrued since the date of the arbitration award; and (3) award petitioners $872.50 in reasonable attorneys' fees and costs incurred in bringing this action. (Pet. at 6.) Because respondent has not answered the petition, the Court treats the petition as an unopposed motion for summary judgment. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109–110 (2d Cir. 2006).

Based on the arbitration award and other documentary evidence submitted by petitioners,, I find that petitioners have demonstrated that the arbitration award should be confirmed. See D.H. Blair & Co., 462 F.3d at 110 ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award.") (internal quotation marks and citations omitted).

Based upon a review of the arbitration award and other documentary evidence submitted by petitioners, I hereby confirm the arbitration award and find that petitioners are entitled to the deficit awarded on pages four and five of the Award and Order in the following amounts:

(1) $146,654.97;

(2) $872.50 in reasonable attorneys' fees and costs incurred in bringing this action

2

The Clerk of Court is directed to mail a copy of this Order to respondent at the following addresses:

1. Dommer Construction
   c/o Duke, Holzman, Photiadis & Gresens LLP
   Patricia Gillen
   701 Seneca Street, Suite 750
   Buffalo, NY 14210

2. Dommer Construction
   21 Palmer Place
   Lancaster, NY, 14086-2121

**SO ORDERED.**

Dated: November 23, 2015
      Central Islip, New York              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE